The State vs. John Brick. New Castle Sessions, May, 1835. Confessions are not evidence unless voluntary, withoutpromises or threats; but where they lead to the discovery of property,or other proofs of guilt, these are to be considered. If the finder ofproperty having the marks of ownership on it, appropriate it, animofurandi, to his own use, he is guilty of larceny. The prisoner was indicted for stealing a package of bank notes, amounting to $1,435 00, "the goods and chattels, money and property of the president and directors of the Union Bank of Maryland." It appeared, by the evidence, that the Union Bank of Maryland had forwarded to the Philadelphia Bank, by Mr. M'Clelland a passenger in the people's line, a package addressed to Q. Campbell, cashier of the latter bank, containing $4,000, in bank and other notes, a part of which were the notes described in the indictment. In crossing the peninsula this package was lost by, or stolen from, Mr. M'Clelland. The prisoner was the driver of one of the baggage wagons on the people's line; and a part of the money (being the notes described in the indictment,) was found upon his person, and secreted about his house. He confessed that he found them lying in the stage at Delaware City, in a sealed bundle addressed to Mr. Campbell, and in pursuance of his confessions, a part of the money was found. This confession was made after the prisoner had been told it would be better for him to confess.
Mr. J. A. Bayard, for the defendant, contended that the confession was not evidence, being made under promises of favor; and that, if admitted, it did not prove a case of larceny. There can be no felony without a trespass. The defendant committed no trespass in finding the money; and the conversion of it afterwards, would not make it a felony. *Page 531 
 The Court charged:
1st. That confessions are not evidence, if made under promises of favor or advantage; or threats of injury or damage; but where the confession leads to the discovery of property, or produces a development of facts which per se prove the guilt of the party, these are to be considered by the jury.
2d. The finder of property is not a felon, even by appropriating it to his own use, unless he does so under circumstances which show afelonious intent. And they expressed the opinion, that if a person find a package of money lying in a stage-coach, which the passengers have just left, and where it can scarcely be said to be lost, bearing on its face the marks of ownership; and with this knowledge of the owner, breaks the seals and feloniously converts the money to his own use, he is guilty of a larceny. The breaking of the seals, knowing the owner, is a trespass; and the felonious intent makes it criminal. State vs. Clark. Kent, October, 1835.Archb. 119; 2 East, C. L. 658; 2 Stark. Ev. 50; 2Russell, 645-50-1.